*134 RANDOLPH, Justice,
Concurring in Result Only:
¶ 15. The plaintiffs/appellants offer credible evidence that some voters (absentee ballots) in their various counties have been, and other voters (election day) will be, denied the right to timely and effective instructions on how to utilize write-in ballots; and that the manner in which the election will be held will result in mass confusion, thus thwarting the will of the people.
¶ 16. By application of two statutes dealing with vacancy and vacancy in office (including the holding of elections), the dilemma now being faced could have been prevented. Mississippi Code Section 9-1-103 is the first statute which should be examined under the facts presented. It establishes the procedure to be followed “[w]henever a vacancy shall occur in any judicial office by reason of death of an incumbent,” inter alia, granting “the Governor the authority to appoint a qualified person to fill such vacancy to serve for the unexpired term or until such vacancy is filled by election as provided in Section 23-15-849....” Miss.Code Ann. §9-1-103 (Rev.2002) (emphasis added). Applying that statute as written would have avoided the conflict posed herein and allowed all judicial candidates to abide by the Nonpartisan Judicial Election Act. See Miss.Code Ann. §§ 23-15-974 to 23-15-985 (Rev. 2007). However, compliance with other statutes is now impossible, given the election is less than one week away. Appellants are concerned that there is a distinct likelihood that the will of a majority of the people will not be expressed in this election.
¶ 17. Using the authority granted by Section 9-1-103 would have allowed all of the judicial candidates time to fulfill other statutory and judicial code obligations and requirements;[1] provided each of the candidates an opportunity to conduct a meaningful campaign; and, most importantly, allowed the electorate ample time to vet the credentials and qualifications of the respective candidates before being required to express their will at the ballot box. Rather, the electorate has been issued a mandate by the State Board of Election Commissioners (“Board”) that expressing their will must be accomplished by writing in a candidate’s name.
¶ 18. The “Write-in Space” statute, Mississippi Code Section 23-15-365, requires leaving “on each ballot one (1) blank space under the title of each office to be voted for, and in the event of the death, ... of any candidate whose name shall have been printed on the official ballot, the name of the candidate duly substituted in the place of such candidate may be written in such blank space by the voter.” Miss. Code Ann. § 23-15-365 (Rev.2007) (emphasis added). Based on the pleadings and briefs filed, the name of the deceased incumbent, the Honorable Robert Evans, is not printed on the ballot. The Write-in Space statute passed by the Legislature was designed to offer all voters an alternative to the candidate whose name is listed. In the case before us, there is no other name on the official ballot. Therefore, Section 23-15-365 should not apply.
¶ 19. Nonetheless, the Board interpreted its duties and responsibilities contrary to the interpretation advocated by the appellants. Although I disagree with the decision of the Board, I cannot disregard that my esteemed colleagues, charged with analyzing the same issues, have, after a spirited debate of the pros and cons of each parties’ position, reached a different disposition. Thus, one issue becomes *135 abundantly clear (beyond all dispute), that being that the decision of the Board was “fairly debatable,” which is “the antithesis of arbitrary and capricious.” Edwards v. Harrison County Bd. of Supervisors, 22 So.3d 268, 274 (Miss.2009) (quoting Town of Florence v. Sea Lands, Ltd., 759 So.2d 1221, 1223 (Miss.2000)).
¶20. Perhaps, if faced with a similar dilemma in the future, the Board should consider the positions advocated by the local elected officials who brought this action. However, our standard of review does not allow reversal of an administrative decision simply based upon whether we agree or disagree with the branch or agency empowered to make the decision. Therefore, I acquiesce in the Court’s opinion dubitante on the question of whether the proper statutes were utilized.
PIERCE, J., JOINS THIS OPINION IN PART.

. See Canon 5 of the Mississippi Code of Judicial Conduct.